# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Shuntay Antonio Brown,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. 19-979 (CKK) |
| | : | |
| **Pennsylvania Higher Education Agency** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

Pending before the Court in this removed action is plaintiff's motion for a temporary restraining order and preliminary injunction ("TRO/PI motion") [Dkt. # 8]. Both Trans Union, LLC, and Experian Information Solutions, Inc., the removing defendants, filed timely responses to the motion [Dkt. ## 12, 15]. Plaintiff, appearing *pro se*, has filed a combined "Reply to Opposition & Request for Court Relief Regarding the Attached Subpoena of HUD & FTC . . ." [Dkt. # 20], which goes well beyond the scope of the instant motion. For the reasons explained below, plaintiff's TRO/PI motion will be denied.

## I. LEGAL STANDARD

Temporary restraining orders and preliminary injunctions are extraordinary remedies. A temporary restraining order can be granted without written or oral notice to the adverse party only if:

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1). "Every order granting an injunction and every restraining order must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable

detail--and not by referring to the complaint or other document--the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." (emphasis in original; quotation marks omitted)). The standard for obtaining injunctive relief through either a temporary restraining order or a preliminary injunction is well established. *See Hall v. Johnson*, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) ("The same standard applies to both temporary restraining orders and to preliminary injunctions." citation omitted)). The movant "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley*, 644 F.3d at 392) (quoting *Winter*, 555 U.S. at 20) (alteration in original; quotation marks omitted)).

When seeking such relief, "'the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction.'" *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)). "The four factors have typically been evaluated on a 'sliding scale.'" *Davis*, 571 F.3d at 1291 (citation omitted). Under this sliding-scale framework, "[i]f the movant makes an unusually

strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor."[1] *Id*. at 1291–92.

Both the United States Supreme Court and the D.C. Circuit have emphasized that a movant must show at least some likelihood of irreparable harm in the absence of an injunction. *See Winter*, 555 U.S. at 22 (holding that a plaintiff must "demonstrate that irreparable injury is likely in the absence of an injunction," and not a mere "possibility"); *CityFed Fin. Corp. v. Off. of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (holding that a plaintiff must demonstrate "'at least some injury' for a preliminary injunction to issue . . . [because] 'the basis of injunctive relief in federal courts has always been irreparable harm . . . '") (quoting *Sampson v. Murray*, 415 U.S. 61, 88 (1974)). "Further, the movant must show that the alleged harm will directly result from the action which [he] seeks to enjoin." *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985). This is because a preliminary injunction "ordinarily is sought to preserve the status quo pending the resolution of the underlying litigation . . . . a preliminary injunction that would change the status quo is an even more extraordinary remedy." *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014) (citations omitted).

---

[1] The Court notes that it is not clear whether this circuit's sliding-scale approach to assessing the four preliminary injunction factors survives the Supreme Court's decision in *Winter*. *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015). Several judges on the United States Court of Appeals for the District of Columbia Circuit have "read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'" *Sherley*, 644 F.3d at 393 (quoting *Davis*, 571 F.3d at 1296 (concurring opinion)). The D.C. Circuit has yet to hold definitively that *Winter* has displaced the sliding-scale analysis. *See Sherley*, 644 F.3d at 393; *see also Save Jobs USA*, 105 F. Supp. 3d at 112. In any event, the Court need not resolve the viability of the sliding-scale approach here because, as will be concluded, a preliminary injunction is unwarranted under either approach.

## II. DISCUSSION

Plaintiff's TRO/PI motion is difficult to follow but concerns the defendant credit reporting entities – Trans Union, Experian, and Equifax -- and their duty under the Fair Credit Reporting Act ("FCRA") "to report accurate payment of accounts."[2] Mot. at 1. Plaintiff alleges that (1) Trans Union has provided inaccurate "rent history and credit history"; (2) Equifax has inaccurately reported that his "medical bills [are] in collection . . . and are refusing to conduct a reinvestigation" based on his disputes; and (3) Experian has "deleted all of [his] credit history with Pennsylvania Higher Education Assistance Agency after payment from the United States Department of Education."[3] Mot. at 2. Allegedly, plaintiff has had difficulty obtaining Section 8 housing due to the negative credit reports. *See id*.

Plaintiff argues generally that he is likely to prevail on his claim of negligence. *See* Mot. at 4-5. Even if true, plaintiff would be entitled only to "an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure" and litigation costs. 15 U.S.C. § 1681*o*. Nothing in the text of the FCRA "allows private litigants to maintain a claim for injunctive relief," *Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000), and "courts that have considered [the] issue have overwhelmingly concluded that the FCRA precludes private litigants from seeking equitable relief," *Owner-Operator Indep. Driver Ass'n, Inc. v. Usis Commercial Servs., Inc.*, 410 F. Supp. 2d 1005, 1007 (D. Colo. 2005); *see Poulson v.*

---

[2] It does not appear from the record that Equifax has either received proper notice of the TRO/PI motion or been served with process, and Equifax has not otherwise submitted to this Court's jurisdiction by appearing in the case.

[3] Experian disputes plaintiff's allegation and has in fact produced plaintiff's credit report and a declaration stating that the credit report "is currently reporting ten Pennsylvania Higher Education Assistance Agency . . . accounts." Decl. of Anna Simmons ¶ 7 & Ex. A [Dkt. # 15-1]. Consequently, Experian posits, among other things, that the TRO/PI motion is moot.

*Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005) (Under the FCRA, "[p]rivate litigants are limited to the remedies laid out in [in the statute, which] include . . . actual, and punitive damages, as well as attorney's fees.") (citing 15 U.S.C. §§ 1681n, 1681*o*)). For this reason, plaintiff is unlikely to succeed on his claim for injunctive relief,[4] and it "is [ ] well settled that economic loss does not, in and of itself, constitute irreparable harm." *Sataki v. Broadcasting Bd. of Governors*, 733 F. Supp. 2d 22, 46 (D.D.C. 2010) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (alteration in original)).

Plaintiff's mere conjecture on the critical factors of likely success and irreparable harm "alone is sufficient" to deny his request for a preliminary injunction. *CityFed Fin. Corp.*, 58 F.3d at 747. As Trans Union notes, moreover, plaintiff "admits" that no public interest is at stake, Trans Union's Opp'n at 7 (quoting Pl.'s Mot. at 5) ("[t]his is not a case that impacts the public; only the parties involved have an interest in the outcome"), and Trans Union has made a convincing uncontested argument why "the balance of equities" tilts in its favor, *id*. at 7-8. As for Experian, plaintiff has not countered the documentation suggesting that the TRO/PI motion premised on Experian's credit reporting is moot. *See* Experian's Opp'n at 8-9; *supra* note 3.

Finally, two more basic reasons counsel against granting plaintiff's motion. First, plaintiff has not specified the actions sought to be enjoined, and a court cannot fashion an order under Rule 65(d)(1) based on generalities. Second, if the motion were granted, the credit bureaus would be compelled to affirmatively investigate plaintiff's claims and correct any

---

[4] In the claim section of the form Complaint filed in D.C. Superior Court, plaintiff states that "defendants are refusing to report true information under the FCRA credit dispute regarding domestic violence under VAWA and FCRA," and in the relief section, plaintiff states: "To prepare for a jury trial on the merits pursuant to Dred Scott case base [sic] on Jurisdiction." Compl. ¶¶ 1-2 [Dkt. # 1-2]. Plaintiff does not "include," as the complaint form instructs, "any request for money damages." *Id*. ¶ 2.

inaccuracies in his credit report, which would not only *change* the status quo but would award the very relief plaintiff cannot obtain under the FCRA.

For the foregoing reasons, plaintiff's TRO/PI motion is denied. A separate order accompanies this Memorandum Opinion.

Date:  May 14, 2019

_____s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge