# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Shuntay Antonio Brown,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-979 (CKK) |
| **Pennsylvania Higher Education Agency** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

This *pro se* action brought under the Fair Credit Reporting Act was removed from D.C. Superior Court by Trans Union, LLC. *See* Not. of Removal [Dkt. # 1]. In addition to the three major credit reporting bureaus, namely Trans Union; Experian Information Solutions, Inc. ("Experian"); and Equifax Information Solutions, Inc. ("Equifax"), plaintiff has sued the U.S. Department of Education, the U.S. Department of Housing and Urban Development ("HUD") (collectively the "Federal Defendants"); the D.C. Housing Authority ("DCHA" or "Housing Authority"); and the Pennsylvania Higher Education Assistance Agency ("PHEAA").

Pending before the Court are the fully briefed motions to dismiss of Equifax [Dkt. # 36], PHEAA [Dkt. # 38], DCHA [Dkt. # 60], and the Federal Defendants [Dkt. # 65]. Each motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.[1] For the reasons explained below, the Court will (1) grant the motions of PHEAA and DCHA to dismiss with prejudice, (2) grant without prejudice the

---

[1] Also pending is Experian's motion to dismiss solely "as a Sanction for Plaintiff's Misconduct" [Dkt. # 81], which Trans Union has joined. This opinion does not address that motion.

motions of Equifax and the Federal Defendants' to dismiss, and (3) deny all of plaintiff's sundry motions.

## I. BACKGROUND

### A. Procedural Posture

In the operative complaint filed in Superior Court on April 3, 2019, plaintiff invokes the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., and the Violence Against Women Act ("VAWA"). He claims only that "defendants are refusing to report true information under the FCRA credit dispute regarding domestic violence under VAWA and FCRA."[2] Compl. at 1 [Dkt. # 1-2].[3] Plaintiff does not allege supporting facts nor seek a cognizable remedy. *See id*. (requesting "[t]o prepare for a jury trial on the merits pursuant to the Dred Scott case base on Jurisdiction"). Yet, on April 8, 2019, Trans Union removed the case to this court based on federal question jurisdiction. *See* Not. of Removal ¶ 3; 28 U.S.C. § 1331 (conferring in the district court original jurisdiction over civil actions arising under the Constitution or laws or treaties of the United States). At that time, according to Trans Union, no other "named Defendants" had been served with process, but it was able to obtain Experian's consent because Experian was "aware of this litigation[.]"[4] Not. of Removal ¶ 5.

---

[2] The 116-page pleading consists of a four-page form Complaint and a host of exhibits ("Ex.").

[3] The page number citations are those automatically assigned by the electronic case filing system.

[4] For this reason, plaintiff's motions to remand the case to Superior Court [Dkt. ## 54, 76] will be denied because contrary to his argument, unanimity of consent to remove is required only "when the civil action is removed solely under section 1441(a)" and "all defendants . . . have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A).

**B. Factual Posture**

According to PHEAA, plaintiff "is a federal student loan borrower who until [July 3, 2019] had several loans serviced by PHEAA, a federal student loan servicer doing business as FedLoan Servicing."  PHEAA's Mem. of P. & A. ("Mem.") at 1 [Dkt. # 38-1] (citing Compl. Exhibits pp. 93-94, 103-04).  On February 26, 2019, plaintiff "filed two credit dispute forms with PHEAA, alleging that his student loan debt was either discharged in bankruptcy or suspended due to disability."  *Id*.  On March 14, 2019, PHEAA informed plaintiff that contrary to his belief, "his student loans were not discharged in bankruptcy, . . . but that [it had] received a consolidation payment on March 13, 2019 that had the effect of combining [plaintiff's] prior loans into a new loan, and making the prior loans as paid in full."  *Id*. at 1-2 (citing 11 U.S.C. § 523(a)(8)).[5]  PHEAA then "furnished" to the credit reporting agencies  information that "correctly reflects that [plaintiff's] prior loans are considered paid in full as a result of his loan

---

[5]  Section 523(a) of Title 11 states in relevant part that a bankruptcy discharge does not discharge an individual debtor from any debt

> (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
>
> (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>
> (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>
> (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual[.]

consolidation." *Id*. at 2; *see* Compl. Ex. B at 61-79 (Apr. 2, 2019 Experian Report showing "PHEAA/FED LOAN SERV" accounts as "removed from your credit report" and "Deleted"); Compl. Ex. C at 95 (Mar. 20, 2019 "Paid in Full Notification" from FedLoan Servicing regarding 12 disbursements from October 27, 2008, to October 28, 2015).

## II. LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although dismissals with prejudice are disfavored, a "dismissal with prejudice is warranted . . . when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) (internal quotation marks and citations omitted)).

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true the well-pleaded allegations in the operative complaint, but "not . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014). The Court may consider not only "the facts alleged in the complaint" but also "documents attached to the complaint as exhibits or incorporated by

reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)). *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but still they must satisfy the minimal requirement of alleging sufficient "factual matter" to permit a court "to infer more than the mere possibility of misconduct[.]" *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (quoting *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted)).

## III. ANALYSIS

### A. Violence Against Women Act (VAWA)

Plaintiff mentions VAWA, which was enacted "to protect the civil rights of victims of gender motivated violence . . . by establishing a Federal civil cause of action for victims of crime of violence motivated by gender." 34 U.S.C. § 12361(a) (formally 42 U.S.C. § 13981)). Although plaintiff has not specified which defendant is subject to the VAWA, the Housing Authority "implements VAWA in several ways, including the adoption of an Emergency Transfer Plan for victims of domestic violence, dating violence, sexual assault or stalking."[6] Mem. of P. & A. in Supp. of DCHA's Mot. to Dismiss at 6 [Dkt. # 60] (citing 14 DCMR § 4907,

---

[6] DCHA is the local authority established to implement the United States Housing Act, 42 U.S.C. §§ 1437 *et seq*. It oversees the District's public housing program and the Housing Choice Voucher Program ("HCVP") governed by Section 8 of the National Housing Act of 1937, as amended. 42 U.S.C. § 1437f(o). *See Karim-Panahi v. 4000 Massachusetts Apartments*, 302 F. Supp. 3d 330, 332–33 (D.D.C. 2018), *aff'd*, No. 18-7054, 2018 WL 6167393 (D.C. Cir. Nov. 1, 2018) (for a comprehensive discussion of the voucher program). According to DCHA, "Plaintiff is a participant of the HCVP." Mem. at 4 (citing Compl. Ex. p. 96).

5

14 DCMR §§ 8500 *et seq.*; 24 CFR § 5.2005(e)); *see generally* Compl. Ex. A, (HUD's "Violence Against Women Reauthorization Act of 2013 Guidance") [Dkt. # 1-2 at 8-59].

Apart from the fact that plaintiff has alleged no coherent set of facts to establish his standing to sue under the VAWA, the Supreme Court has deemed unconstitutional the provision that creates a private cause of action, 34 U.S.C. § 12361(c). In *United States v. Morrison*, the Court "consider[ed] the constitutionality of [then-numbered] 42 U.S.C. § 13981, which provides a federal civil remedy for the victims of gender-motivated violence." It concluded:

> Petitioner's [ ] complaint alleges that she was the victim of a brutal assault. But Congress' effort in § 13981 to provide a federal civil remedy can be sustained neither under the Commerce Clause nor under § 5 of the Fourteenth Amendment. If the allegations here are true, no civilized system of justice could fail to provide her a remedy for the conduct of [the] respondent[.] But under our federal system that remedy must be provided by the Commonwealth of Virginia, and not by the United States.

529 U.S. 598, 601-02, 627 (2000).[7] Consequently, plaintiff's VAWA claim is dismissed.

**B. Fair Credit Reporting Act (FCRA)**

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citations omitted). To that end, the FCRA imposes limitations and duties on furnishers of information, and it creates liability for certain violations. "If a violation is negligent, the affected consumer is entitled to actual damages. If willful, however, the consumer may have actual damages, or statutory damages ranging from $100 to $1,000, and even punitive damages." *Id*. at 53 (citing 15 U.S.C. §§ 1681*o*, 1681n).

---

[7] Indeed, plaintiff has supplied a DCHA Decision denying his "request for a voucher pursuant to VAWA" based on his "failure to demonstrate entitlement to VAWA protections," and informing plaintiff of his right to appeal the decision to the District of Columbia Court of Appeals. Compl. Ex. p. 98.

Under the FCRA, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[8] 15 U.S.C. § 1681s–2(a)(1)(A). In addition, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if . . . the person has been notified by the consumer . . . that the specific information is inaccurate; and . . . the information is, in fact, inaccurate." *Id*. § 1681s–2(a)(1)(B). Both these obligations arise under Section 1681s–2(a) of Title 15, but there is no private right of action for violations of this section. *Haynes v. Navy Fed. Credit Union*, 825 F. Supp. 2d 285, 295 (D.D.C. 2011) (citing §§ 1681s(c)(1)(B), 1681s–2(c)–(d) (granting enforcement power to the States and Federal regulators); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011) (claims under § 1681s-2(a) "are available only to the Government").

Under 15 U.S.C. § 1681s–2(b), upon being notified by a credit reporting agency of a dispute as to the accuracy of its information, the furnisher of information to a credit reporting agency "has duties under [the Fair Credit Reporting Act] to investigate the disputed information and correct it as necessary." *Haynes v. Navy Fed. Credit Union*, 52 F. Supp. 3d 13, 19 (D.D.C. 2014) (quoting *Ihebereme v. Capital One, N.A.*, 933 F. Supp. 2d 86, 111 (D.D.C. 2013), *aff'd*, 573 Fed. App'x 2 (D.C. Cir. 2014) (alteration in original)). The "FCRA does provide a private right of action for violations under Section 1681s–2(b) . . . if the furnisher of information negligently or willfully failed to meet the requirements" of that section. *Haynes*, 825 F. Supp. 2d at 295; *see SimmsParris*, 652 F.3d at 358 (§ 1681s-2(b) is "the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information") (citing

---

[8] "The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a.

*Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009); *Saunders v. Branch Banking & Trust Co. of VA.*, 526 F.3d 142, 149 (4th Cir. 2008)). "[C]laims made under state law [*e.g.,* negligence] concerning the furnishing and correcting of information to credit reporting agencies are preempted by FCRA." *Ihebereme,* 933 F. Supp. 2d at 98.

### 1. PHEAA's Motion to Dismiss[9]

PHEAA argues that plaintiff's claim against it "cannot be cured via amendment" because the information it has furnished the credit reporting agencies "correctly reflects that Brown's prior loans are considered paid in full as a result of his loan consolidation," and that plaintiff has admitted as much. Mem. at 1-2 [Dkt. # 38-1] (citing Dkt. # 20-1 at 2-4); *see id*. 6 (noting that plaintiff "alleges only that PHEAA has correctly labelled his pre-consolidation accounts as paid in full") (citing Dkt. # 8 at 2)). The April 2, 2019 Experian report attached to the complaint lends further support insofar as it identifies the "PHEAA/FED LOAN SERV" accounts that were "removed from [plaintiff's] credit report" and "Deleted."

Plaintiff counters that PHEAA's "representations to [the credit reporting agencies] ha[ve] damage[d] [his] credit history making it hard [for] him to obtain housing, employment, and economic and social development after the Chapter Seven Final Report which included the student loan debt in 2012." Pl.'s Opp'n to Mot. to Dismiss Filed by PHEAA and Equifax at 4-5 [Dkt. # 48]. However, he has not identified the "representations" and alleged that they were

---

[9] Plaintiff has moved for sanctions against PHEAA for allegedly violating Local Civil Rule 26.1's disclosure requirement [Dkt. # 42]. Local Rule 26.1 applies "where a corporation is a party." PHEAA counters that the rule seems inapplicable because it is an "instrumentality of the Commonwealth of Pennsylvania." Opp'n [Dkt. # 44]. That "PHEAA conducts its student loan servicing operations for federally-owned loans as FedLoan Servicing," https://myfedloan.org/borrowers/student-loans-101/lifecycle, does not make it less so. In any event, PHEAA has filed a Rule 26.1 certificate "[i]n an abundance of caution." [Dkt. # 46]. Therefore, plaintiff's motion for sanctions against this defendant will be denied.

inaccurate to state an actionable claim. It is reasonably safe to conclude from plaintiff's own exhibits that PHEAA has done what is required of it under the FCRA. Upon receiving plaintiff's credit dispute forms in February 2019, PHEAA launched a timely investigation and within approximately one month furnished the credit bureaus with accurate information about the accounts being paid in full. Therefore, the complaint against this defendant is dismissed with prejudice.

### 2. Housing Authority's Motion to Dismiss[10]

Having dismissed the VAWA claim, the Court is unsure what remains of plaintiff's claim against DCHA; plaintiff's opposition [Dkt. # 62] is unilluminating.[11] To the extent that plaintiff seeks to hold the Housing Authority liable under the FCRA, his claim fails simply because DCHA is not a furnisher of information covered by the Act. It "is not a consumer reporting agency," and it "does not and cannot engage in any credit reporting activities." Mem. at 7-8 (citing 42 U.S.C. § 1437f ("Low-income housing assistance"); 24 C.F.R. §§ 982.201 ("Eligibility and targeting" for public housing assistance). Furthermore, information gathered for the purpose of implementing programs under the Housing Act "shall remain confidential and shall be used only for [that] purpose[.]" 42 U.S.C. § 1437f. Therefore, the complaint against DCHA is dismissed with prejudice as well.

---

[10] Plaintiff's has moved for a sanction and to strike the D.C. Housing Authority's motion to dismiss seemingly because one of the attorneys at the law firm hired to represent the agency signed the motion before entering her appearance. See Mot. [Dkt. # 63]. Plaintiff's motion will be denied for the reasons stated in the opposition [Dkt. # 67] and because a motion to dismiss is not "a pleading" that can be ordered stricken under Fed. R. Civ. P. 12(f). Nwachukwu v. Rooney, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) (citing Fed. R. Civ. P. 7(a), defining "Pleadings"). Even if it were a pleading, counsel's alleged misstep would not be a valid ground for striking the pleading. See Fed. R. Civ. P. 12(f) ("The court may strike . . . an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

[11] Inexplicably, plaintiff has attached to his opposition documents and copies of court rulings that seem wholly unrelated to this case.

### 3. Motions of Equifax and the Federal Defendants to Dismiss

The premise of the remaining Rule 12(b)(6) motions to dismiss is that the complaint is factually deficient. It bears repeating that to survive a motion to dismiss, even a *pro se* pleading must satisfy the minimal requirement of alleging sufficient factual matter to show more than "the mere possibility of misconduct." *Brown*, 789 F.3d at 150. As Equifax points out, the complaint "makes no reference to who, what, where, when, why, or how the alleged violations occurred." Mot. at 3. But this does not sound the death knell for the case. It is possible that plaintiff can cure the pleading deficiency through an amended complaint. Furthermore, in reply to plaintiff's opposition, the Federal Defendants state that "[a] review of" the opposition [Dkt. # 69] "makes evident that it is, in substance, a Motion to Amend his Complaint," and they "do not object to Plaintiff amending his Complaint." Reply [Dkt. # 75]. Accordingly, the Court will dismiss the complaint against Equifax and the Federal Defendants without prejudice and with leave for plaintiff to amend the complaint.

### CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted. Consequently, each Rule 12(b)(6) motion will be granted and the complaint will be dismissed with prejudice only as to PHEAA and the D.C. Housing Authority. In all other respects, the complaint will be dismissed without prejudice and with

leave for plaintiff to amend, and all of plaintiff's pending motions will be denied.[12] A separate order accompanies this Memorandum Opinion.

Date: March 2, 2020

          /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[12] In addition to the previously discussed motions, plaintiff has pending a motion for the credit bureaus essentially to investigate his claims [Dkt. # 71], which will be denied as premature; and two perplexing motions seemingly to confirm or certify matters that are or were before the U.S. Bankruptcy Court for the Northern District of Illinois [Dkt. ## 78, 79], which will be denied for want of jurisdiction.