UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Shuntay Antonio Brown,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 19-979 (CKK) |
| | : | Civil Action No. 21-113 (CKK) |
| **Pennsylvania Higher Education Agency** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

On March 2, 2020, the Court dismissed plaintiff's complaint brought under the Fair Credit Reporting Act ("FCRA") with leave to amend as to the federal defendants and the credit bureau defendants. *See* Mem. Op. I [Dkt. # 91]; *see also* Order at 2, [Dkt. # 90] (setting out pleading requirements). On June 22, 2020, plaintiff filed an Amended Complaint, in which he

> asks the question 'How Long' under the Fair Credit Reporting Act, shall a Bankruptcy appear on the record with the Credit Reporting Agency pursuant to the ambiguous terms within 15 U.S.C. Section 168lc(a)(l) after the bankruptcy was purged from the record pursuant to a reinvestigation and the Declaration of Anna Simmons within Document 15-1 regarding the deletion of the bankruptcy case in connection with Childress v. Experian Information Solution Inc. 790 F. 3d 745 (2015).

Am. Compl. at 1, ECF No. 96. Plaintiff seeks "$799,999.99 in damage and all other relief under the regulation pursuant to 15 USC Section 1681n(a)" for "willful violations" allegedly committed by Experian Information Solutions, Inc., and Equifax Information Services LLC. *Id*. at 1-2. Plaintiff has since settled the case with Equifax. *See* Oct. 6. 2020 Minute Order (dismissing suit against Equifax pursuant to settlement terms). Pending are separate motions to dismiss on behalf of (1) U.S. Department of Education and U.S. Department of Housing and

1

Urban Development ("Federal Defendants") and (2) Experian Information Solutions, Inc. ("Experian"). The remaining defendant, Trans Union, LLC, has joined in Experian's motion to dismiss "in an abundance of caution." Not. of Joinder at 1, n.1 [Dkt. # 106]; *see id.* (observing correctly that the amended complaint "does not mention in its text, much less make any allegations against Trans Union").[1]

Each motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, both motions will be granted.

## II.  LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

---

[1]  On January 4, 2021, plaintiff filed a largely incoherent document focused on Trans Union captioned: PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN COMTEMPT OF CONGRESS FOR VIOLATING THE STATUTE OF LIMITATION REGARDING 15 U.S.C. SECTION 1681c(a) AND ILLINOIS JUDGE LEROY K. MARTIN JR  ORDER OF CONCEAMENT PURSUANT TO MORAN  V.  SCREENIG PRO LLC 923 F.3d 1208 (9th  Cir. 2019) (capitalization and misspellings in original). The Court's resolution of the pending motions renders a show cause order unnecessary; therefore, this motion will be denied.

In ruling on a motion to dismiss for failure to state a claim, the Court accepts as true the well-pleaded allegations in the operative complaint, but "not . . . the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  The Court may consider not only "the facts alleged in the complaint" but also "documents attached to the complaint as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citing *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).  *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but still they must satisfy the minimal requirement of alleging sufficient "factual matter" to permit a court "to infer more than the mere possibility of misconduct[.]" *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (quoting *Atherton v. District of Columbia Off. of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (internal quotation marks omitted)).

### III.  ANALYSIS

**1. Federal Defendants' Motion**

Defendants assert correctly that the amended complaint "contains no allegations relating to the Federal Defendants."  Mem. in Supp. of Mot. to Dismiss at 5 [Dkt. # 98].  On July 7, 2020, the Court duly advised plaintiff about the consequences of failing to respond to the Federal Defendants' motion by August 14, 2020.  *See* Order [Dkt. # 100].  Yet, plaintiff has neither filed a response nor requested additional time to respond.  Consequently, the Court will grant the Federal Defendants' well-grounded motion to dismiss.

**2. Experian's Motion**

Plaintiff alleges that on October 2, 2019, Experian "reinserted the 2012 bankruptcy record without proper certification pursuant to 15 U.S.C. Section 168li(a)(5)(A)(i)." Am. Compl. at 1. He seeks damages for that alleged violation. *See id*. at 2. The FCRA provides in relevant part:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1). After an investigation, paragraph five requires prompt deletion from the consumer's file of information "found to be inaccurate or incomplete or cannot be verified" or modification of such information "as appropriate." *Id*. § 1681i(a)(5)(A). If information is deleted, it "may not be reinserted in the file by the consumer reporting agency unless the person who furnishes the information certifies that the information is complete and accurate," and "the consumer reporting agency shall notify the consumer of the reinsertion in writing not later than 5 business days after the reinsertion" and inform him about challenging the reinsertion. *Id*. § 1681i (a)(5)(B).

Plaintiff's claim fails for the simple fact that his 2012 Voluntary Petition of Bankruptcy in the Northern District of Illinois is a verifiable court document, the accuracy of which he cannot plausibly question. *See* Def.'s Ex. 1, Dkt. # 101-2 (bankruptcy petition containing electronic signatures of plaintiff under penalty of perjury and his attorney). Plaintiff references *Childress v. Experian Information Solutions, Inc*., 790 F. 3d 745 (7th Cir. 2015), *see* Am. Compl.

at 1, but why is unclear and perhaps self-defeating.  In that case, the Seventh Circuit Court of Appeals affirmed a grant of summary judgment to Experian.  In doing so, the court agreed that the FCRA requires a consumer reporting agency to act "upon receipt of" certified documentation affecting a report of bankruptcy but squarely rejected the notion that the Act imposes an affirmative duty on the agency to "monitor all dismissals of bankruptcy petitions and investigate to determine whether they were dismissed at the request of the petitioner." *Childress*, 790 F.3d at 747.  Plaintiff asserts that his "bankruptcy was purged pursuant to a reinvestigation," Am. Compl. at 1, but the document he cites, "Declaration of Anna Simmons within Document 15-1," *id*., states nothing of the kind.  A bare assertion, such as this, fails to "nudge" plaintiff's claim "across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.  Save circumstances not shown to apply here, a consumer report must exclude bankruptcy cases "that antedate the report by more than 10 years." 15 U.S.C. § 1681c(a)(1).  So, to answer the question underlying the amended complaint, Experian asserts correctly that "any reporting of this bankruptcy cannot run afoul of the 10-year period . . . until 2022 at the earliest."  Reply at 1.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted and plaintiff's motion for an order to show cause is denied.  A separate order accompanies this Memorandum Opinion.

                                                                                           _____s/s_____
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge

DATE:  January 14, 2021