UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Shuntay Antonio Brown,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **Civil Action No. 19-979 (CKK)** |
| | : | **Civil Action No. 21-113 (CKK)** |
| **Pennsylvania Higher Education Agency *et al*.,** | : | |
| | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

This action dismissed on January 14, 2021, is before the Court on plaintiff's motion to reconsider under Rule 59(e) of the Federal Rules of Civil Procedure. Because the motion was filed well beyond the rule's 28-day period, it will be considered under Rule 60(b) authorizing relief from a final order based on five specific grounds and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). For the following reasons, plaintiff's motion will be granted in part and denied in part.

In 2019 and 2021, plaintiff filed two separate consumer actions in D.C. Superior Court that were removed to this court under the Fair Credit Reporting Act. The earlier complaint named, among other defendants, the three major credit bureaus – Experian Information Solutions, Inc.; Equifax Information Services LLC; and Trans Union LLC. The later complaint named Trans Union (the removing defendant) and Penn Quarter Properties, LLC, which did not join in the removal and has not otherwise consented to this Court's jurisdiction. On January 14, 2021, the Court granted plaintiff's motion to consolidate his two pending actions, No. 19-cv-979 and No. 21-cv-113, and it consolidated the cases "for all purposes." Subsequently, the Court

ordered that all submissions by the parties be filed only in No. 19-cv-979, and it ultimately dismissed plaintiff's claims and the case.

The orders of dismissal were affirmed on appeal. *See* Dkt. # 120-1, No. 20-5095 (D.C. Cir. July 22, 2021) (summarily affirming March 2, 2020 Order); Dkt. # 121-1, No. 20-5095 (D.C. Cir. May 17, 2021) (summarily affirming January 14, 2021 Order) (hereafter "May 17th Order"). But in the May 17th Order, the Court of Appeals determined that it had jurisdiction to review only the dismissal orders in case No. 19-cv-979. *Id*. at 1 (citing Fed. R. Civ. P. 42(a); *Hall v. Hall,* 138 S. Ct. 1118, 1125 (2018)). It took "no position on the merits of consolidated case No. 21-cv-113, *Brown v. Trans Union LLC, et al.* (D.D.C)," reasoning that the January 14th "order and opinion did not address" such. *Id*. at 1; *but see id*. ("The district court's January 14, 2021 order properly granted the motions to dismiss for failure to state a claim upon which relief can be granted" where "[a]ppellant's amended complaint did not assert any claim or relief against . . . Trans Union LLC."). On September 30, 2021, plaintiff submitted the instant motion to reconsider, along with the appellate court's orders and mandate, which this Court permitted to be filed only in No. 19-cv-979. Dkt. # 121 (fiat).

*In Hall*, the Supreme Court explained that the term consolidation "mean[s] the joining together—but not the complete merger—of constituent cases," and appellate courts and leading treatises have "particularly emphasized that constituent cases remained independent when it came to judgments and appeals." 138 S. Ct. at 1125; *see id*. (observing that "[t]he history against which Rule 42(a) was adopted . . . makes clear that one of multiple cases consolidated under the Rule retains its independent character, at least to the extent it is appealable when finally resolved"). This Court's January 14th Memorandum Opinion and Order were each filed in No. 21-cv-113, *see* Dkt. ## 8 and 9, but the Court of Appeals has observed rightly that the dismissal

order fails to mention Trans Union LLC.  In the Memorandum Opinion, however, this Court found that Trans Union, LLC, had joined in Experian's motion to dismiss "in an abundance of caution" and agreed that the operative amended complaint had not mentioned Trans Union, much less accused it of any wrongdoing.  Mem. Op. at 2  (quoting Not. of Joinder at 1, n.1).  Nevertheless, Trans Union did not file a separate dispositive motion, and the Court did not dismiss the complaint *sua sponte*.  With this background in mind, the Court turns to the question at hand.

To justify reopening a case under Rule 60(b), "it is well-established that movants must show that their underlying claims have at least some merit," *i.e.*, "some prospect of succeeding on the merits."  *Thomas v. Holder*, 750 F.3d 899, 902, 903 (D.C. Cir. 2014).  This requirement "flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources."  *Id*. at 903.  Given the lack of allegations implicating Trans Union in any wrongdoing, the Court finds no reason to reopen No. 21-cv-113 except to supplement the record with a final order of dismissal.  Therefore, the Court will grant partial relief to plaintiff under Rule 60(b)(6).  A separate order accompanies this Memorandum Opinion.

                _____s/s_____
                COLLEEN KOLLAR-KOTELLY
                United States District Judge

DATE:  January 28, 2022